[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 29, 2004**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 03-10753

_____

D. C. Docket No. 02-00281 CR-1-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

    versus

JOSE CHAVARRIYA-MEJIA,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 29, 2004)**

Before EDMONDSON, Chief Judge, DUBINA and COX, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jose Chavarriya-Mejia pleaded guilty to illegal entry into the United States. He appeals his sentence, arguing that the district court erred in applying a 16-level increase under U.S.S.G. § 2L1.2 because statutory rape is not a "crime of violence."[1]

## BACKGROUND

In 1994 or 1995, Chavarriya-Mejia illegally entered the United States. While in the United States, Chavarriya-Mejia was convicted by a Kentucky state court of an aggravated felony: rape in the third degree. What Kentucky law

---

[1]We do not consider Chavarriya-Mejia's argument that his crime must satisfy both subparts of § 2L1.2 because at oral argument he conceded that this Court has previously rejected that interpretation. See United States v. Fuentes-Rivera, 323 F.3d 869, 871-72 (11th Cir. 2003) (stating that the subparts present alternative definitions of the term "crime of violence").

defines as rape in the third degree is commonly known as "statutory rape."[2]  See

Ky. Rev. Stat. § 510.060.

After Chavarriya-Mejia's trial in Kentucky, he was deported.  He later

reentered the United States illegally and was arrested.  Thereafter, the government

brought immigration charges against him.

Chavarriya-Mejia pled guilty to reentry after deportation in violation of 8

U.S.C. § 1326(a) and (b)(2).  At sentencing, the district court applied the

appropriate sentencing guideline, U.S.S.G. § 2L1.2, and determined that

Chavarriya-Mejia's base-offense level was 8.  After concluding that statutory rape

was a "crime of violence," the district court increased the offense level by 16

levels for Chavarriya-Mejia's rape conviction.

---

[2]Kentucky Revised Statute § 510.060 states:
(1) A person is guilty of rape in the third degree when:

> (a) He engages in sexual intercourse with another person who is incapable of consent because he is mentally retarded;

> (b) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than sixteen (16) years old; or

> (c) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than eighteen (18) years old and for whom he provides a foster family home as defined in KRS 600.020.

DISCUSSION

This Court reviews <u>de novo</u> a district court's interpretation and application of the Sentencing Guidelines. <u>United States v. Goolsby</u>, 908 F.2d 861, 863 (11th Cir. 1990). We conclude that statutory rape is a crime of violence under the plain language of § 2L1.2. <u>Cf.</u> <u>United States v. Meader</u>, 118 F.3d 876, 885 (1st Cir. 1997) (concluding that statutory rape is a crime of violence under § 4B1.1) <u>United States v. Bauer</u>, 990 F.2d 373, 375 (8th Cir. 1993) (same).

A "crime of violence" is "[a] crime that has as an element the use, attempted use, threatened use, or substantial risk of use of physical force against the person or property of another." <u>Black's Law Dictionary</u> 378 (7th ed. 1999). Statutory rape is a kind of battery: unlawful physical contact. Sexual offenses by adults against children inherently involve physical force against the children. <u>See, e.g.</u>, <u>United States v. Pereira-Salmeron</u>, 337 F.3d 1148, 1153-54 (9th Cir. 2003). And, regardless of whether a child consents, the law presumes that the physical contact aspects of statutory rape were not lawfully consented to. <u>See, e.g.</u>, <u>Mugalli v. Ashcroft</u>, 258 F.3d 52, 58 n.6 (2d Cir. 2001) (stating that "[c]entral to the concept of 'statutory rape' is the notion that a person less than a certain age is legally incapable of giving consent").

4

Furthermore, at the time of Chavarriya-Mejia's sentencing, the application note to § 2L1.2 defined "crime of violence" as including "forcible sex offenses (including sexual abuse of a minor)." U.S.S.G. § 2L1.2, cmt. n.1(B)(ii) (2002).[3] Although Chavarriya-Mejia argues that the modifier "forcible" also modifies "sexual abuse of a minor," that argument must fail. As a general rule, we interpret application notes to the Sentencing Guidelines "so that no words shall be discarded as being meaningless, redundant, or mere surplusage." United States v. Fuentes-Rivera, 323 F.3d 869, 872 (11th Cir. 2003) (quotations and citation omitted).

The parenthetical "(including sexual abuse of a minor)" makes it plain that "crime of violence" is a category that embraces any sexual abuse of a minor. See Pereira-Salmeron, 337 F.3d at 1152; United States v. Vargas-Garnica, 332 F.3d 471, 474 n.1 (7th Cir. 2003); United States v. Gomez-Hernandez, 300 F.3d 974, 978-79 (8th Cir. 2002); United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002).

"Sexual abuse" is "[a]n illegal sex act, esp[ecially] one performed against a minor by an adult." Black's Law Dictionary 10 (7th ed. 1999). Because Kentucky

---

[3]Because we conclude that statutory rape is a "crime of violence" under the plain language of § 2L1.2, we need not determine whether amendments to § 2L1.2's application notes made subsequent to Chavarriya-Mejia's sentencing apply to him.

law presumes that underage children are incapable of consent, statutory rape necessarily involves a sexual act performed "against" the child. Therefore, we determine that statutory rape is sexual abuse of a minor. See Pereira-Salmeron, 337 F.3d at 1155; Vargas-Garnica, 332 F.3d at 474 n.1.

Because we conclude that statutory rape is a crime of violence under § 2L1.2, we affirm the district court's application of a 16-level enhancement to Chavarriya-Mejia's base-offense level.

AFFIRMED.