[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10895
Non-Argument Calendar

_____

D. C. Docket No. 05-00090-CR-CB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY LEWIS IVORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 17, 2007)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

On this appeal, we consider whether an Alabama conviction for second

degree rape constitutes a "crime of violence" under United States Sentencing

Guidelines §§ 2K2.1 and 4B1.2.[1]  We hold that it does.

## BACKGROUND

A jury found Harry Lewis Ivory guilty of being a felon in possession of

ammunition in violation of 18 U.S.C. § 922(g)(1).  Prior to sentencing, the

probation officer prepared a presentence investigation report ("PSI").  The PSI

assigned a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A),

because Ivory had a prior conviction in Alabama for a crime of violence, second

degree rape, which Ivory had pled guilty to.  Ivory, who was 22 years old at the

time of the prior offense, had engaged in sexual intercourse with a female who was

less than 16 years old.  The PSI further enhanced Ivory's base offense level by four

levels pursuant to U.S.S.G. § 2K2.1(b)(5), because Ivory possessed ammunition

and a firearm in connection with another felony offense, possession of cocaine.

The PSI scored Ivory's criminal history at level VI.  With an offense level of 24

and a criminal history score of VI, Ivory's resulting guideline range was 100 to 125

months' imprisonment.

Ivory filed objections to the PSI, arguing that his base offense level was

improperly enhanced because the court erroneously determined that his prior

---

[1]Ivory was sentenced under the 2004 version of the sentencing guidelines, and all guidelines citations are to the 2004 version unless otherwise noted.

Alabama conviction for second degree rape was a crime of violence under U.S.S.G. §§ 2K2.1 and 4B1.2. He further argued that the PSI's recommendation of a four level enhancement based on the offense's connection with another felony offense was in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because he did not admit to, and was not found guilty of, possession of a firearm or cocaine. The district court adopted the PSI and overruled both of Ivory's objections. The court found that Ivory's prior conviction for second degree rape conviction constituted a crime of violence as contemplated by § 2K2.1(a)(4). The court further found, by a preponderance of the evidence, that Ivory did possess ammunition and a firearm in connection with possession of cocaine, which supported the recommended four-level enhancement. Ivory was then sentenced to 120 months' imprisonment to run consecutively with the revocation of his supervised release, followed by 3 years' supervised release.

**STANDARD OF REVIEW**

We review a district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Chavarriya-Mejia, 367 F.3d 1249, 1251 (11th Cir. 2004) (per curiam). The interpretation of Alabama's statute for second degree rape is a question of law and is also subject to de novo review. United States v. Murrell, 368 F.3d 1283, 1285 (11th Cir. 2004).

3

**DISCUSSION**

We have not previously considered whether Alabama's statute for second degree rape constitutes a crime of violence pursuant to U.S.S.G. §§ 2K2.1 and 4B1.2. Because Ivory was convicted of violating 18 U.S.C. § 922(g)(1), his base offense level is governed by U.S.S.G. § 2K2.1. Section 2K2.1(a)(4)(A) provides that the base offense level for Ivory's conviction is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Pursuant to § 2K2.1, the term "crime of violence" has the meaning given in § 4B1.2, which states:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The commentary to § 4B1.2 clarifies that:

> "Crime of violence" includes . . . forcible sex offenses . . . . Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted

4

involved use of explosives . . . or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 cmt. n.1.[2]

Ivory was convicted of second degree rape under Alabama law.

A person commits the crime of second degree rape if:

> (1) Being 16 years old or older, he or she engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex.

> (2) He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being mentally defective.

Ala. Code § 13A-6-62(a).

We first examine whether "the use, attempted use, or threatened use of physical force against the person of another," as specified in U.S.S.G. § 4B1.2(a)(1), is an element of a second degree rape conviction under Alabama law. To do that we first review what is meant by the term "physical force" and then examine our relevant precedent about the use of physical force.

In interpreting the term "physical force" in § 4B1.2(a)(1), we look first to the plain meaning of those words. See United States v. Shenberg, 89 F.3d 1461, 1475

---

[2]We treat the commentary in the sentencing guidelines as authoritative. See United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995) (per curiam) (relying in part, on the commentary in determining that burglary of a dwelling constitutes a crime of violence).

5

(11th Cir. 1996) (noting that we give the sentencing guidelines their plain meaning effect unless the language leads to a result contrary to legislative intent). We previously have noted that the plain meaning of "physical force" is "'[p]ower, violence, or pressure directed against a person''consisting in a physical act.'" United States v. Griffith, 455 F.3d 1339, 1342 (11th Cir. 2006) (quoting Black's Law Dictionary 673 (7th ed. 1999)); see also United States v. Nason, 269 F.3d 10, 16 (1st Cir. 2001) (synthesizing various definitions to find that physical force includes any "power, violence, or pressure directed against another person's body").

Two of our recent decisions expressly have addressed whether state convictions involved the "use of physical force" and are particularly instructive here. In Griffith, we considered whether a conviction for simple battery under Georgia law has "'as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon'" to merit a conviction under the Armed Career Criminal Act ("ACCA"). See Griffith, 455 F.3d at 1341 (quoting 18 U.S.C. § 921(a)(33)(A) (defining "misdemeanor crime of domestic violence")); see also 18 U.S.C. § 922(g)(9) (forbidding a person who has been convicted of a "misdemeanor crime of domestic violence" from possessing a firearm). We noted that the Georgia battery statute has as an element "'physical contact of an insulting

6

or provoking nature.'" Griffith, 455 F.3d at 1342 (quoting Ga. Code Ann. § 16-5-23(a)(1)).  Based on the plain meaning of "physical force," we concluded that a simple battery conviction under Georgia law satisfied the physical force requirement of the ACCA because "[a] person cannot make physical contact–particularly of an insulting or provoking nature–with another without exerting some level of physical force."  Id.

Similarly, a person cannot engage in nonconsensual sexual penetration with another without exerting some level of physical force.  Indeed, in Chavarriya-Mejia, we concluded that a statutory rape conviction under Kentucky law, wherein a minor cannot legally consent to the physical contact of sexual intercourse, involves the use of physical force and constitutes a "crime of violence" under U.S.S.G. § 2L1.2.  Chavarriya-Mejia, 367 F.3d at 1251.  Kentucky's third degree rape statute is similar to Ala. Code § 13A-6-62(a)(1).  Under Kentucky law, a person is guilty if "[b]eing twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than sixteen (16) years old."[3]  Ky. Rev.

_____

[3]Ky. Rev. Stat. Ann. § 510.060(1) provides in full:
A person is guilty of rape in the third degree when: (a) He engages in sexual intercourse with another person who is incapable of consent because he or she is mentally retarded;  (b) Being twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than sixteen (16) years old; (c) Being twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than eighteen (18) years old and for whom he or she provides a foster family home as defined in [Ky. Rev. Stat. Ann. §] 600.020; or (d) Being a person in a position of authority or position of special trust, as defined in [Ky. Rev.

7

Stat. Ann. § 510.060(1)(b). The relevant guideline in Chavarriya-Mejia was the 2002 version of § 2L1.2, which provided that a crime of violence included any "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(ii) (2002).[4]

In examining in Chavarriya-Mejia whether statutory rape involves the "use of physical force," we first noted, "[s]tatutory rape is a kind of battery: unlawful physical contact. Sexual offenses by adults against children inherently involve physical force against the children." Chavarriya-Mejia, 367 F.3d at 1251. We reasoned that the existence of consent-in-fact was irrelevant because "the law presumes that the physical contact aspects of statutory rape were not lawfully consented to." Id. Accordingly, we concluded that statutory rape under Kentucky law, which proscribes sexual intercourse with a person under sixteen years old,

---

Stat. Ann. §] 532.045, he or she engages in sexual intercourse with a minor under sixteen (16) years old with whom he or she comes into contact as a result of that position.

Ky. Rev. Stat. Ann. § 510.060(1).

[4]The 2004 version of the guidelines contained this same language. See U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2004).

inherently involves the use of force and is a crime of violence under § 2L1.2.[5]

Chavarriya-Mejia, 367 F.3d at 1251.

This Court in Chavarriya-Mejia also discussed the commentary to U.S.S.G. § 2L1.2 (2002), which not only defined a crime of violence as an offense that has the use of physical force as an element, but also stated that crimes of violence include "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." § 2L1.2 cmt. n.1(B)(ii) (2002). In Chavarriya-Mejia, this Court particularly noted the parenthetical "including sexual abuse of a minor" and also concluded that statutory rape involves an illegal sexual act against a minor and thus constitutes "sexual abuse of a minor" under the 2002 commentary to § 2L1.2. Chavarriya-Mejia, 367 F.3d at 1251. While this reasoning provided an additional basis for the conclusion in Chavarriya-Mejia, the Court nonetheless initially determined that statutory rape was a crime of violence because it inherently involves the "use of physical force."

---

[5]Although statutory rape was an enumerated crime of violence in the 2004 commentary to § 2L1.2, and was not an enumerated crime of violence in the commentary to § 4B1.2, the Chavarriya-Mejia Court examined whether statutory rape was a crime of violence under the 2002 sentencing guidelines, which did not list statutory rape as a crime of violence. See Chavarriya-Mejia, 367 F.3d at 1251. Furthermore, the Court noted that the subsequent amendments to the commentary were immaterial because "statutory rape is a 'crime of violence' under the plain language of § 2L1.2 . . . ." Id. at 1251 n.3.

9

With this precedent in mind, we now turn to Alabama's statutory rape offense at issue here. Similar to Kentucky law, a person violates Ala. Code § 13A-6-62(a)(1) by engaging in sexual intercourse with a member of the opposite sex less than sixteen years old. Ala. Code § 13A-6-62(a)(1). Under Alabama's criminal code, a person under sixteen years old is deemed to be incapable of consent to sexual intercourse. Ala. Code § 13A-6-70(c)(1). Accordingly, second degree rape under Alabama law is sexual intercourse with a person incapable of consenting to the act. A nonconsensual act of sexual penetration by its nature involves at least some level of physical force and pressure directed against another person's body. See Griffith, 455 F.3d at 1342. Therefore, we conclude that a second degree rape conviction under Alabama law must involve the "use of physical force against the person of another." § 4B1.2(a)(1).

Alternatively, and as an independent basis for our holding, we conclude that second degree rape of a minor, under Alabama law, at a minimum "presents a serious potential risk of physical injury to another," as provided under § 4B1.2(a)(2). Although our prior decision in Ramsey v. INS, 55 F.3d 580 (11th Cir. 1995), dealt with a different state law and involved a different definition of a "crime of violence," our analysis in that case provides helpful guidance. In Ramsey, we examined a "crime of violence" under 18 U.S.C. § 16, which is a

10

felony that "'by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" 55 F.3d at 583 (quoting 18 U.S.C. § 16). In the present case, § 4B1.2(a)(2) alternatively defines a "crime of violence" as a crime that "presents a serious risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

In Ramsey, this Court determined that a conviction for attempted lewd assault of a person less than sixteen years old under Florida law involves a "substantial risk that physical force may be used" and thus constitutes a crime of violence under 18 U.S.C. § 16. 55 F.3d at 583-84. This Court noted that "Ramsey was not convicted of the substantive offense, but rather of attempting to commit an act in violation of" the Florida law prohibiting lewd assault on a minor. Id. at 583. Under the Florida lewd assault statute analyzed in Ramsey, lewd assault on a minor included any person who "[h]andles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner . . . without committing the crime of sexual battery . . . ." Fla. Stat. § 800.04(1) (1993). In Ramsey, we concluded that even though a lewd assault violation, and certainly an attempted lewd assault violation, could occur without the use of physical force, the offense conduct still involved a "substantial risk that physical force may be used against the victim in the course of committing the offense." Id. at 583.

After Ramsey, we extended Ramsey's reasoning and concluded in

United States v. Rutherford, 175 F.3d 899 (11th Cir. 1999), that a conviction for

lewd assault against a minor involves "a serious potential risk of physical injury"

and constitutes a crime of violence under U.S.S.G. § 4B1.2(a)(2).  175 F.3d at 905

(quotation marks and citation omitted).  In Rutherford, we discussed Ramsey's

conclusion that attempted lewd assault involved "'a substantial risk that physical

force may be used against the victim.'"  175 F.3d at 905 (quoting Ramsey, 55 F.3d

at 583).  We then stated that there is not a substantial difference in the definition of

a crime of violence under 18 U.S.C. § 16 and the definition of a crime of violence

under U.S.S.G. § 4B1.2.  Rutherford, 175 F.3d at 905.  In reaching this conclusion,

this Court in Rutherford relied on United States v. Coronado-Cervantes, 154 F.3d

1242, 1244 (10th Cir. 1998).  In Coronado-Cervantes, the Tenth Circuit noted the

different definitions of crime of violence in 18 U.S.C. § 16 ("a substantial risk that

physical force may be used") and U.S.S.G. § 4B1.2 ("a serious potential risk of

physical injury"), but concluded that a decision under one code section should

control the other.  Coronado-Cervantes, 154 F.3d at 1244.  The Coronado-

Cervantes Court thus determined that it should follow its previous holding that

attempted sexual abuse of a minor was a crime of violence under 18 U.S.C. § 16,

and it ultimately found that a sexual offense involving a minor under 18 U.S.C. §

12

1153 was a crime of violence under U.S.S.G. § 4B1.2. Coronado-Cervantes, 154 F.3d at 1244; see also Rutherford, 175 F.3d at 905 (relying on Coronado-Cervantes).

In light of Ramsey and Rutherford, second degree rape under Alabama law involves significantly more physical contact than attempted lewd assault under Florida law required; there must be sexual intercourse with a minor under Alabama law, and not merely attempted handling or fondling, as with attempted lewd assault. Accordingly, the commission of second degree rape by a nonconsensual act of sexual penetration poses an even greater risk of both physical force and physical injury.

Moreover, in United States v. Searcy, 418 F.3d 1193 (11th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 1107 (2006), this Court concluded that even using the internet to entice a minor to engage in sexual activity[6] "presents the possibility of an encounter that could result in 'a serious risk of physical injury to [the minor],'" and thus constitutes a crime of violence under U.S.S.G. § 4B1.2. 418 F.3d at 1197 (citation omitted). In Searcy, we emphasized that sexual offenses

---

[6]At the time of Searcy's offense, 18 U.S.C. § 2422(b) provided:
Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.
18 U.S.C. § 2422(b) (1998).

13

against minors always present "'a substantial risk that physical force will be used to ensure a child's compliance with an adult's sexual demands,'" and that "'physical injury need not be [certain] for a crime to pose a serious risk of physical injury . . . .'" Id. at 1197 (quoting United States v. Munro, 394 F.3d 865, 870 (10th Cir. 2005)). Given the significant gap in age and maturity, an adult's conduct in actually engaging in sexual intercourse with a minor presents an even more serious risk that physical force will be used to coerce compliance and that physical injury will occur.

Other circuits that have examined similar statutory sexual offense crimes are split in their analysis. Some circuits have concluded that statutory sexual offenses do not inherently qualify as crimes of violence without considering, along with the statutory definition, some other aggravating factors. See, e.g., United States v. Sawyers, 409 F.3d 732, 742 (6th Cir.) (holding that statutory rape in Tennessee did not inherently present a serious potential risk of physical injury), cert. denied, __ U.S. __, 126 S. Ct. 457 (2005); United States v. Shannon, 110 F.3d 382, 386 (7th Cir. 1997) (declining to impose a per se rule that second degree assault under Wisconsin law prohibiting either sexual contact or sexual intercourse with a person under the age of 16 was a crime of violence). Other circuits go the other way and conclude that statutory sexual offenses do inherently involve a serious potential

14

risk of physical injury, and therefore qualify as crimes of violence. See, e.g.,

United States v. Granbois, 376 F.3d 993, 995-96 (9th Cir. 2004) (holding that

engaging in sexual contact with a minor in violation of 18 U.S.C. § 2244(3) was

per se a crime of violence); United States v. Pierce, 278 F.3d 282, 289 (4th Cir.

2002) (holding that taking indecent liberties with a child under North Carolina law

categorically presented a serious risk of physical injury and was therefore a crime

of violence).

After carefully examining the language of Alabama's second degree rape

statute, Ala. Code § 13A-6-62, we conclude that the offense inherently poses a

serious potential risk of physical injury to another. See Searcy, 418 F.3d at 1197;

Rutherford, 175 F.3d at 905; Ramsey, 55 F.3d at 583-84. Consequently, it

qualifies as a crime of violence under § 4B1.2(a)(2).

For all of these reasons, we therefore affirm Ivory's conviction and

sentence.[7]

**AFFIRMED**.

---

[7]Ivory also presents two additional issues in his brief: (1) that the district court erred in denying a motion to suppress evidence and (2) that the district court erred by enhancing his sentence based on facts that he did not admit to, namely, that he possessed cocaine in connection with the instant offense. We find no merit to either of these issues and affirm without discussion.