[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-13806
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00050-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM EDWIN MOORE,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

**(December 7, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant William Edwin Moore appeals his convictions and

sentences of 151 months' imprisonment consecutive to 84 months' imprisonment

imposed after a jury trial for four counts of bank robbery (Counts One, Two, Five, and Seven); one count of armed bank robbery (Count Three); one count of attempted bank robbery (Count Six); and one count of using and carrying a firearm during a crime of violence (Count Seven).[1]  No reversible error has been shown; we affirm.

Moore first argues that the district court's denial of his motions to dismiss his lawyer and for a continuance -- Moore filed to substitute his lawyer before trial and again before he was sentenced -- violated the Sixth Amendment and due process.  We review the denial of Moore's pre-sentencing motions for abuse of discretion.[2]  See United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005); United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997).  "The proper exercise of the trial court's discretion . . . requires a delicate balance between the

---

[1]Counts One through Four charged Moore with offenses that occurred in 2000; Counts Five through Seven charged him with offenses occurring in 2005.

[2]The district court held a hearing on Moore's pre-trial motion to dismiss his lawyer; and the district court issued an order stating that it denied Moore's motion for the reasons given at the hearing.  But a transcript of the district court's hearing is not part of the record on appeal.  Because Moore failed to order this transcript, we are unable to review his challenge to the district court's denial of his pre-trial motion to dismiss his lawyer.  See Fed.R.App.P. 10(b)(1) (explaining the appellant's duty to order transcripts that the appellant considers necessary); Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006) ("[T]he burden is on the appellant to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment.").  Because we are unable to conduct a meaningful review of the district court's denial of Moore's motion without knowing the reasons for the district court's decision, we affirm the denial of Moore's pre-trial motion to dismiss his lawyer.

defendant's right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice." Baker, 432 F.3d at 1248. And the burden is on the defendant to show that the denial was an abuse of discretion and that it produced specific substantial prejudice. United States v. Smith, 757 F.2d 1161, 1166 (11th Cir. 1985).

When reviewing the denial of a continuance to secure a new lawyer during a trial, we consider these factors:

> (1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors.

Id. Here, the district court continued Moore's sentencing hearing once so that Moore could discuss his pre-sentence investigation report with his lawyer.[3] Before Moore's sentencing hearing resumed, Moore moved to dismiss his lawyer and to replace him with an out-of-state lawyer who needed time to familiarize himself with Moore's case. In making this motion, Moore did not indicate the anticipated length of time for the delay. And Moore's desired lawyer was not present when Moore's sentencing hearing resumed. We conclude that the district

---

[3]The district court also had granted many pretrial continuances in this case.

court did not abuse its discretion in denying Moore's pre-sentencing requests to dismiss his lawyer and to receive another continuance.

Moore next challenges the district court's denial of his motion to suppress shaving-related items seized from his motel room. In this case, police arrested Moore after he opened the door to his motel room; and officers immediately conducted a protective sweep of Moore's motel room. During this sweep, police saw shaven hair and shaving materials in the bathroom sink. Moore contends that the protective sweep was excessive because the search extended beyond places where a person could hide. Although Moore concedes that the bathroom sink was in plain view, he asserts that, for officers to observe the contents of the sink, the officers must have engaged in more than a cursory inspection of the bathroom.

When reviewing a district court's denial of a motion to suppress, we review its findings of fact for clear error and its application of the law to those facts de novo. United States v. Newsome, 475 F.3d 1221, 1223 (11th Cir. 2007). All facts are construed in the light most favorable to the prevailing party, in this case the government. Id. at 1223-24.

Because "[e]very arrest must be presumed to present a risk of danger to the arresting officer," we have explained that, "[w]here necessary, police arresting a suspect may conduct a protective sweep of the area to check for other persons who

might pose a threat to the safety of the officers or the public." United States v. Standridge, 810 F.2d 1034, 1037 (11th Cir. 1987). Evidence found in plain view during a protective sweep may be seized. United States v. Hromada, 49 F.3d 685, 691 (11th Cir. 1995); see also Standridge, 810 F.2d at 1038 (affirming denial of motion to suppress evidence -- including a money wrapper floating in a toilet bowl with its lid raised -- seized during a protective sweep of a motel room).

A detective who was present at Moore's motel room when Moore was arrested testified that the protective sweep took less than one minute and resulted in officers looking under the motel room's beds and in the bathroom. During this search, officers noticed hair and shaving materials in the bathroom sink. Because these items were in the officers' plain view during their protective sweep of Moore's motel room, we affirm the denial of Moore's motion to suppress this evidence.

We turn to Moore's challenge to his sentence. Moore contends that his sentence was unreasonable because he was assigned a criminal history point for an offense that occurred more than ten years before some of the counts of conviction took place.[4] In addition, he argues that his sentence was unreasonable because the

---

[4]Moore's offenses in this case occurred in 2000 and 2005. When the district court calculated his criminal history score, it attributed one criminal history point to Moore for a sentence imposed in 1994 for battery. Moore asserts that this criminal history point should not have applied to his 2005

district court failed to articulate sufficiently how it had relied on the factors set out at 18 U.S.C. § 3553(a) in determining his sentence.

We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Ivory, 475 F.3d 1232, 1233-34 (11th Cir. 2007). Section 4A1.2(e) of the Sentencing Guidelines provides, in relevant part, that in calculating a criminal history score using an offense where the sentence imposed did not exceed one year and one month, a sentencing court should count a "prior sentence that was imposed within ten years of the defendant's commencement of the instant offense . . . ." U.S.S.G. § 4A1.2(e)(2) (emphasis added).

In this case, that Moore's instant offense commenced in 2000 is clear, when the conduct charged in Counts One through Four occurred. See id. We conclude that the district court properly assigned Moore a criminal history point for his 1994 sentence; and as a result, the district court did not err in assigning Moore to criminal history category II.

---

offenses.

About Moore's remaining sentencing arguments, we review his sentence for reasonableness in the light of the 18 U.S.C. § 3553(a) factors.[5] United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).

At Moore's sentencing hearing, the district court heard testimony from Moore's family and also considered arguments made by the parties about the length of Moore's sentence.[6] In sentencing Moore, the district court explained that it had considered all of the section 3553(a) factors and that Moore's sentence was sufficient, but not greater than necessary, to comply with the purposes of sentencing. The district court also specifically noted that it considered how many banks Moore had robbed or attempted to rob and that he had used a firearm. The district court was not required to discuss each of the section 3553(a) factors at Moore's sentencing hearing. See United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir.), cert. denied, 127 S.Ct. 2953 (2007) ("The district court need not state on the record that it has explicitly considered each factor and need not discuss

[5]Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

[6]We note that, at his sentencing hearing, Moore's lawyer told the district court, "I would submit to the Court that 20 years here would be a reasonable sentence, and I'm asking the Court to impose it." Moore's sentence of 151 months' imprisonment consecutive to 84 months' imprisonment is less than 20 years' imprisonment.

each factor"; instead, "an acknowledgment by the district court that it has considered the defendant's arguments and the [section] 3553(a) factors will suffice."). Moore's sentence was reasonable.[7]

**AFFIRMED.**

---

[7]The government asserts that, although Moore argued before the district court about what sentence would be reasonable, his failure to argue that the district court had not adequately considered the section 3553(a) factors or to raise an objection to his sentence after it was imposed indicates that we should review Moore's challenge to the reasonableness of his sentence only for plain error. We need not decide this issue because, even under a reasonableness standard, Moore's appeal fails.