[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2008
THOMAS K. KAHN
CLERK

No. 07-15721
Non-Argument Calendar

_____

D. C. Docket No. 07-20475-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FAISAD NADER PALIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 29, 2008)**

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Faisad Nader Palis appeals his 55-month sentence, imposed following his

guilty plea for illegal re-entry, in violation of 8 U.S.C. § 1326. After a thorough review of the record, we affirm.

Palis pleaded guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2), admitting at the change-of-plea hearing that he was a Colombian citizen who had been deported in 2007 after being convicted in state court for engaging is sexual acts with a familial child and lewd assault and that he had re-entered the United States without permission.

The presentence investigation report ("PSI") assigned a base offense level of 8 under U.S.S.G. § 2L1.2(a), with a 16-level enhancement under § 2L1.2(b)(1)(A) because the prior state convictions qualified as crimes of violence, and a 3-level reduction for acceptance of responsibility. According to the PSI, Palis engaged in sexual activity with his stepdaughter from the time the girl was 11 until she reached the age of 15. At one point during the abuse, Palis warned the victim that he would kill her if she told anyone. As a result of this conduct, Palis was charged with sexual battery and lewd assault, and he pleaded guilty to the lewd assault and a reduced charge of sexual activity with a familial child. Palis's total adjusted offense level was 21 and, with a criminal history category III, his guidelines range was 46 to 57 months' imprisonment. The PSI identified the statutory maximum sentence as up to 20 years' imprisonment under 8 U.S.C. § 1326(b)(2).

Palis objected to the 16-level enhancement because his prior convictions were not crimes of violence, as no force was used and force was not an element of the offenses for which he was convicted.

At sentencing, the court overruled Palis's objection based on United States v. Rutherford, 175 F.3d 899 (11th Cir. 1999), which held that lewd assault is a crime of violence. The court noted that sexual activity with an underage girl would by its nature contain force. The court also denied Palis's request for a downward departure, rejecting Palis's claim that he had not intended to enter the U.S. and that the people who were helping him brought him to Texas without his knowledge. The court then adopted the PSI guidelines calculations and stated that the sentencing range was reasonable. The court reiterated its concern about Palis's prior convictions and sentenced Palis to 55 months' imprisonment. When asked, Palis raised no additional objections to his sentence. Palis now appeals, challenging (1) the 16-level enhancement; (2) the reasonableness of his sentence; and (3) the application of a 20-year statutory maximum sentence based on prior convictions not alleged in the indictment.

1. Sentencing Enhancement Under U.S.S.G. § 2L1.2(b)(1)

Palis first argues that the court improperly applied a 16-level enhancement under § 2L1.2(b)(1) because his prior convictions were not crimes of violence but

rather were aggravated felonies subject to only an 8-level enhancement. He further asserts that the district court erred by relying upon the definition of "crime of violence" found in the commentary because the commentary conflicts with the guidelines itself and improperly expands the definition of crime of violence to include non-violent crimes. In support of his position, he cites Begay v. United States, 128 S.Ct. 1582 (2008).

"Whether a previous offense of conviction is a 'crime of violence' is a question of law that we review de novo." United States v. Llanos-Agostadero, 486 F.3d 1194, 1196 (11th Cir. 2007), petition for cert. filed, (No. 08-6486) (Sept. 23, 2008).

Under U.S.S.G. § 2L1.2, the district court should increase a defendant's base offense level by 16 if the defendant has previously been deported after "a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to the guidelines defines "crime of violence" as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: . . . aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

4

U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). This court treats the commentary in the sentencing guidelines as authoritative. See United States v. Ivory, 475 F.3d 1232, 1234 n.2 (11th Cir. 2007).

We conclude that under either prong of the definition, Palis's prior offenses qualify as crimes of violence. First, the plain language of commentary indicates that the guideline applies when the prior conviction involved sexual abuse of a minor. See U.S.S.G. § 2L1.2, comment. (n.1)(B)(iii). Palis's offenses - lewd assault and sexual activity with a familial child - constitute sexual abuse of a minor using the ordinary and everyday meaning of those terms. See United States v. Ortiz-Delgado, 451 F.3d 752 (11th Cir. 2006) (concluding that committing a lewd act on a child under California law was a crime of violence under § 2L1.2 as that term is understood in its ordinary and everyday meaning); United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir. 2005) (concluding that Florida state conviction for unlawful sexual activity with certain minors qualifies as a crime of violence under § 2L1.2); United States v. Chavarriya-Mejia, 367 F.3d 1249, 1251 (11th Cir. 2004) (discussing statutory rape as a crime of violence). Thus, Palis's prior convictions are offenses involving sexual abuse of a minor and the guideline enhancement applies.

Alternatively, the enhancement is appropriate because the offenses involved

5

the use or threatened use of force.  Chavarriya-Mejia, 367 F.3d at 1251 (explaining that "[s]exual offenses by adults against children inherently involve physical force against the children.").  Here, the record reflects that Palis threatened to kill his stepdaughter if she told anyone about the abuse.  Moreover, as the district court noted, this court has held that lewd assault under Florida law is a crime of violence under U.S.S.G. § 4B1.2.  Rutherford, 175 F.3d at 905.  Section 4B1.2, which defines "crime of violence" as a state offense punishable by a term exceeding one year that "has as an element the use, attempted use or threatened use of physical force against another," includes forcible sexual offenses.  U.S.S.G. § 4B1.2, comment. (n.1).  The definition of "crime of violence" under § 4B1.2 is the same as the definition under § 2L1.2.  Compare U.S.S.G. § 2L1.2, comment. (n.1)(B)(iii), with § 4B1.2, comment. (n.1).  Accordingly, as Palis concedes, Rutherford controls, and we are bound by a prior panel decision unless the decision is overruled by the Supreme Court or this court sitting en banc.  United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

Palis now argues that Begay calls into question whether his offenses were crimes of violence.  We disagree.  In Begay, the Supreme Court considered whether driving under the influence was a violent felony under the Armed Career Criminal Act and concluded that it would not qualify as such because it was not

6

similar to the types of crimes listed as examples of violent crimes. 128 S.Ct. at 1584-1587. Here, however, the commentary lists forcible sex offenses as examples of crimes of violence. Sexual assault and sexual abuse of a minor are types of crimes similar to forcible sex offenses and thus would satisfy the definition of a crime of violence. Thus, Begay does not overrule circuit precedent.

2. Reasonableness

Palis next argues that his sentence is unreasonable because the court failed to properly calculate the guidelines range and did not adequately consider the sentencing factors in 18 U.S.C. § 3553(a).

We review a defendant's sentence for reasonableness in the light of the factors set out in § 3553(a). See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). The reasonableness of a sentence imposed by the court is evaluated under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). We review arguments not raised before the district court for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566.

7

Under § 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history, and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

A district court's imposition of sentence must be both procedurally and substantively reasonable. A sentence may be procedurally unreasonable if the district court incorrectly calculates the guidelines range, treats the guidelines as mandatory, fails to properly consider the § 3553(a) sentencing factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence-including an explanation for any deviation from the guidelines range. Gall, 128 S.Ct. at 597. Substantive reasonableness requires that the totality of the circumstances be considered and that the statutory factors of § 3553(a) support the sentence in question. Id.

Here, Palis cannot show that his sentence was procedurally unreasonable.

8

The district court correctly calculated the guidelines range, treated the guidelines as advisory, and sufficiently explained its reasoning by indicating that it had considered the parties' arguments and expressing concern over the Palis's criminal history and the circumstances of the instant offense. These explanations are sufficient. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

We further conclude the sentence imposed was substantively reasonable and Palis cannot show plain error in the court's sentencing determination.[1] Palis was sentenced within the guidelines range, but well below the statutory maximum sentence of twenty-years imprisonment.[2] The court considered Palis's criminal history and the sexual abuse he subjected his stepdaughter to for over four years. It also considered his claim that he had not intended to enter the U.S., along with the fact that he had traveled from Texas to Florida. In light of these factors, the sentence imposed was substantively reasonable.

3. Statutory Minimum Sentence

Finally, Palis argues that his sentence is unconstitutional because his prior convictions were not charged in the indictment, and thus his statutory maximum

---

[1] Contrary to Palis's argument, he did not preserve an argument that his sentence was substantively unreasonable. When the court inquired whether there were any objections after sentence was imposed, Palis did not assert that the sentence was unreasonable.

[2] As discussed below, there is no merit to Palis's argument that he was subject only to a two-year statutory maximum sentence because his prior convictions were not pled in the indictment. Thus, the twenty-year maximum applied. 8 U.S.C. § 1326(b).

9

sentence was two years' imprisonment under § 1326(a). Because Palis raises this issue for the first time on appeal, we review for plain error.  <u>Hall</u>, 314 F.3d at 566.

Palis cannot show plain error, as this court has repeatedly rejected his argument that prior convictions must be pled in the indictment.  <u>See</u> <u>United States v. Greer</u>, 440 F.3d 1267, 1273-74 (11th Cir. 2006); <u>United States v. Gibson</u>, 434 F.3d 1234, 1246-47 (11th Cir. 2006); <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1315-16 (11th Cir. 2005).

For the foregoing reasons, we AFFIRM Palis's sentence.