[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2009
THOMAS K. KAHN
CLERK

No. 08-11272
Non-Argument Calendar

_____

D. C. Docket No. 07-60255-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH MCKENZIE BARRETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Keith McKenzie Barrett appeals from his 37-month sentence, imposed after he pled guilty to illegally re-entering the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, he argues that: (1) the

district court improperly applied the sentencing guidelines; and (2) his constitutional rights were violated because a judge, not a jury, made findings regarding the "nature" of his prior conviction. After thorough review, we affirm.[1]

We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Chavarriya-Mejia, 367 F.3d 1249, 1251 (11th Cir. 2004). The district court's determination that a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines is also reviewed de novo. United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir. 2005). The district court's findings of fact are reviewed for clear error, which we do not find unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotations omitted). Where, as here, the defendant fails to make a constitutional objection before the district court, the issue is subject to plain error review. United States v. Candelario, 240 F.3d 1300, 1308-09 (11th Cir. 2001).

First, we are unpersuaded by Barrett's claim that the district court erred in determining that Barrett's prior conviction for attempted sexual battery was a crime of violence under U.S.S.G. § 2L1.2. In calculating the proper offense level for a defendant convicted of illegal reentry, the Sentencing Guidelines provide for

---

[1] Nonetheless, Barrett's motion for leave to file a reply brief out of time is GRANTED.

2

a 16-level enhancement for a defendant who was previously deported after a conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Application Notes to § 2L1.2(b)(1) define a "crime of violence" as an offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). The Application Notes enumerate several offenses which are "crimes of violence" under § 2L1.2(b)(1), including "forcible sex offenses," "statutory rape," and "sexual abuse of a minor." Even though "sexual battery" is not specifically mentioned, we have held that Section 2L1.2's crime of violence category "embraces any sexual abuse of a minor." Chavarriya-Mejia, 367 F.3d at 1251.

When determining if a defendant's offense is a crime of violence, a court should "look only to the elements of the convicted offense, and not to the conduct underlying the conviction." United States v. Rutherford, 175 F.3d 899, 905 (11th Cir. 1999). In limited circumstances, the district court may examine the conduct surrounding a conviction, but only if "ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." United States v. Spell, 44 F.3d 936, 939 (11th Cir. 1995). In these kinds of cases, the district court "may rely only on the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to

3

which the defendant assented.'" United States v. Aguilar-Ortiz, 450 F.3d 1271, 1274 (11th Cir. 2006) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). For purposes of sentencing, the district court may also base its factual findings on undisputed statements in the Pre-Sentence Investigation Report ("PSI"). United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006). Facts contained in a PSI are considered undisputed unless the defendant makes a challenge to those facts "with specificity and clarity." Id. at 832-34.

In a case involving the Armed Career Criminal Act ("ACCA"), we affirmed a sentence enhancement where the PSI established that the defendant's prior conviction for attempted burglary involved the burglary of a residence. United States v. Wade, 458 F.3d 1273 (11th Cir. 2006). In Wade, the PSI provided that, "according to '[c]ourt documents,'" the defendant's attempted burglary conviction resulted from him "attempt[ing] to kick in the door of a residence." Id. at 1275. Wade objected, but his "objection focused on attempted burglary as a category of crime; it did not dispute the PSI's allegation that state '[c]ourt documents' established that Wade had been convicted of the crime as a result of attempting to kick in the door of a residence and commit a theft inside." Id. Accordingly, we determined that he admitted those facts for sentencing purposes, and treated his

4

conviction "as one for attempted burglary of a dwelling, which is how it was treated in the district court." Id. at 1277.

In this case, it was impossible to determine from the face of Barrett's judgment whether his previous conviction was for a crime of violence, so the district court was entitled to inquire into the conduct surrounding his conviction. Because the charge Barrett had previously pled to was different than the one that was in the Information, we agree that the district court erroneously consulted the Information in determining whether that conviction was for a crime of violence. However, the Information was not the only document that described the facts underlying Barrett's conviction. Here, the PSI also described the offense, indicating that Barrett's previous offense involved a minor victim, and Barrett never disputed this description of the facts underlying his conviction. The undisputed facts therefore supported the district court's finding that Barrett's offense involved a minor victim, and the district court did not err in determining that Barrett's attempted sexual battery conviction constituted a crime of violence. See Bonanni Ship Supply, Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992) (noting that we may affirm on any supported ground).

We also reject Barrett's claim that his constitutional rights were violated because a judge, not a jury, made findings regarding the nature of his prior

5

conviction. "In Almendarez-Torres, . . . the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). Almendarez-Torres remains binding precedent despite recent Supreme Court decisions that may cast doubt on its future prospects. Id. at 1316 n.3.

We have thus recognized that there is no Sixth Amendment violation when a district court enhances a defendant's sentence based on prior convictions, including those listed in U.S.S.G. § 2L1.2(b)(1)(A). Orduno-Mireles, 405 F.3d at 961; see also United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005) (case involving that provision's "alien smuggling offense" category). In addition, as Barrett acknowledges, the question of whether a conviction qualifies as a violent felony under the ACCA is an issue for the judge, not the jury. United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

In light of Almendarez-Torres, and our holdings in Orduno-Mireles, Gallegos-Aguero, and Greer, there is no merit to Barrett's argument that his constitutional rights were violated when the district court judge determined the

6

"nature" of his prior conviction.  Accordingly, the district court did not err, much less plainly err, in imposing Barrett's sentence.

**AFFIRMED.**