MAXWELL, J.,
specially concurring:
¶ 21. Mississippi courts have not squarely addressed whether statutory rape under Mississippi Code Annotated section 97-3-65 (Supp.2011), constitutes a crime of violence for sentencing purposes. Considering this issue, of first impression, I agree with the majority’s conclusion. While I understand the dissent’s reasoning — that there may be instances where no force is used during intercourse between an adult and a minor — I depart from this view and instead find section 97-3-65 was intended to protect children age fifteen or younger from the inherent dangers of sexual contact with both adults and older teenagers. Indeed, the Mississippi Supreme Court has explained the purpose behind our strict-liability statutory-rape law is “to protect [children] against exploitation and vulnerability.” Phillipson v. State, 943 So.2d 670, 672 (¶ 12) (Miss.2006). Because I find that an adult’s conduct in actually engaging in sexual intercourse with a minor in violation of section 97-3-65 presents, at a minimum, a serious potential risk that physical force will be used to coerce compliance and that physical injury will occur, I would classify statutory rape as a crime of -violence.
¶ 22. Section 97-3-65 contains two distinct subsections driven by the relative ages of the offender and victim, with an exception for spouses. Under section 97-3-65(l)(a), “[t]he crime of statutory rape is committed when ...' [a]ny person seventeen (17) years of age or ol.der has sexual intercourse with a child who ... [i]s at least fourteen (14) but under sixteen (16) *748 years of age; ... [i]s thirty-six (36) or more months younger than the person; and ... [i]s not the person’s spouse.” Miss.Code Ann. § 97-3-65(l)(a). Alternatively, section 97 — 3—65(b), imposes criminal liability on persons who have “sexual intercourse with a child who ... [i]s under the age of fourteen (14) years; ... [i]s twenty-four (24) or more months younger than the person; and ... [i]s not the person’s spouse.” Miss.Code Ann. § 97-3-65(l)(b). Unlike federal law,[2] Mississippi statutory law does not list separately or specifically define its requirements for an offense to qualify as a crime of violence. Because Mississippi law lacks definitive parameters for assessing what constitutes a crime of violence and since our supreme court has not clearly addressed whether statutory rape should be deemed a violent crime, I find it reasonable to consider how other courts have classified similar statutory-rape laws when deciding whether the covered conduct qualifies as a crime of violence.
¶ 23. In doing so, I note several federal circuit courts have found that statutory-rape laws quite similar to Mississippi’s inherently involve the use of force and qualify as crimes of violence. In United States v. Ivory, 475 F.3d 1232 (11th Cir.2007), the United States Court of Appeals, Eleventh Circuit, examined Alabama’s second-degree-rape statute, which like Mississippi’s statute criminalizes sexual intercourse based on similar age-related qualifiers.[3] Also like Mississippi’s statutory-rape law, the Alabama statute did not permit consent as a defense. In determining whether a conviction under Alabama Code section 13A-6-62(a) qualified as a crime of violence for federal sentencing purposes, the Ivory court found that although Alabama’s statute did not contain an explicit element of either actual, attempted, or threatened use of physical force, like Mississippi’s statute, it prohibited “sexual intercourse with a person incapable of consenting to the act.” Id. at 1236. And the court reasoned: “A nonconsensual act of sexual penetration by its nature involves at least some level of physical force and pressure directed against another person’s body.” Id. Thus, it found a violation of Alabama’s second-degree-rape law must involve “use of physical force against the person of another” as contemplated by federal sentencing guidelines. Id. (citation *749 omitted). As an alternative and independent basis for its holding, the Ivory court concluded second-degree rape of- a minor “at a minimum presents a serious risk of physical injury to another.” Id. (citation and quotation omitted).
¶ 24. Earlier, in United States v. Chavarriyar-Mejia, 367 F.3d 1249, 1250 (11th Cir.2004), the Eleventh Circuit similarly concluded that a statutory-rape conviction under Kentucky law[4] — -which like Mississippi’s statutory-rape law precludes a minor from legally consenting to the physical contact of sexual intercourse — involves the use of physical force and constitutes a “crime of violence” under federal sentencing guidelines. In deciding whether statutory rape involves the “use of physical force,” the Chavarriya-Mejia court noted: “Statutory rape is a kind of battery: unlawful physical contact. Sexual offenses by adults against children inherently involve physical force against the children.” Id. at 1251. And the existence of consent-in-fact was irrelevant because “the law presumes that the physical contact aspects of statutory rape were not lawfully consented to.” Id.
¶ 25. But the Eleventh Circuit’s reasoning is not the only view, as federal courts are divided on this issue. Some have concluded, as the dissent does in its promise-ring hypothetical, that statutory sex offenses do not inherently qualify as crimes of violence absent other aggravating factors. See United States v. Sawyers, 409 F.3d 732, 741-42 (6th Cir.2005) (holding Tennessee’s statutory-rape scheme did not inherently present a serious risk of physical injury); United States v. Shannon, 110 F.3d 382 (7th Cir.1997) (declining imposition of per se rule that Wisconsin law prohibiting either sexual contact or intercourse with a person under sixteen was a crime of violence). Other courts have reasoned similarly to the Eleventh Circuit that statutory sex offenses qualify as crimes of violence because they inherently involve a serious potential risk of physical injury. See United States v. Daye, 571 F.3d 225, 229-32 (2d Cir.2009) (utilizing categorical approach to determine Vermont’s statutory sexual-assault law prohibiting sex between adults and children younger than sixteen is per se a crime of violence); United States v. Pierce, 278 F.3d 282, 289 (4th Cir.2002) (holding North Carolina law proscribing taking indecent liberties with a child presented a serious risk of physical injury and qualified as a crime of violence).
¶ 26. In Daye, the United States Court of Appeals, Second Circuit, examined Vermont’s statutory sexual-assault law,[5] which *750 like Mississippi’s applies a strict-liability approach to sexual acts committed on children age fifteen and younger. Daye, 571 F.3d at 229-31. The Second Circuit considered the conduct proscribed by Vermont law and determined, in the ordinary case, a sexual act committed on a child “presents a serious risk of injury to another,” qualifying the offense as a crime of violence. Id. at 230. The court noted that “[pjhysical injury is both a serious and foreseeable risk in the ordinary course of such encounters.” Id. at 231. It also recognized:
The potential risks of serious physical injury flowing from violation of Vermont’s sexual assault statute are not limited to the direct physical consequences of sexual contact. We must also consider the risk of injury traceable to the fact that the violation of statutes criminalizing sexual contact with victims who, for reasons of physical or emotional immaturity, are deemed legally unable to consent “inherently involves a substantial risk that physical force may be used in the course of committing the offense.”
Id. at 231-32 (quoting Chery v. Ashcroft, 347 F.3d 404, 408 (2d Cir.2003)).
¶ 27. The Daye court further acknowledged that “[wjhen an adult inflicts a sexual act upon a child, the nature of the conduct and the child’s relative physical weakness give rise to a substantial likelihood that the adult may employ force to coerce the child’s accession, thereby creating a serious risk that physical injury will result.” Id. at 232. See Dos Santos v. Gonzales, 440 F.3d 81, 85 (2d Cir.2006) (“[Bjecause ‘a child has very few, if any, resources to deter the use of physical force by an adult intent on touching the child[,] .... -there is a significant likelihood that physical force may be used to perpetrate the crime.’ ”) (quoting Chery, 347 F.3d at 409); see also United States v. Eastin, 445 F.3d 1019, 1022 (8th Cir.2006) (“Even if the sexual act with a child were consensual, such conduct between individuals of differing physical and emotional maturity carries a substantial risk that physical force may be used, causing injury to the child.”). -
¶ 28. Given our supreme court’s emphasis that our statutory-rape law exists “to protect against exploitation and vulnerability,”[6] and the significant gap in age and maturity inherent in this offense, I find that an adult’s conduct in actually engaging in sexual intercourse with a minor in violation of section 97-3-65 presents, at a minimum, a serious potential risk that physical force will be used to coerce compliance and that physical injury will occur. Thus, I agree with the majority that a violation of our statutory-rape law qualifies as a crime of violence.
RUSSELL, J., JOINS THIS OPINION IN PART.

. Under the federal sentencing guidelines:
The term "crime of violence” means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(a). The commentary to section 4B1.2 clarifies:
"Crime of violence” includes ... forcible sex offenses.... Other offenses are included as "crimes of violence” if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted involved use of explosives ... or, by its nature, presented a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2 cmt. n. 1.

. In Alabama, a person commits second-degree rape if:
(1) Being 16 years old or older, he or she engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex.
(2) He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being mentally defective.
Ala.Code § 13A-6-62(a) (Rev.2006).

. Kentucky Revised Statute Annotated section 510.060 (Supp.2011) states:
(1) A person is guilty of rape in the third degree when:
(b) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than sixteen (16) years old; [or]
(c) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than eighteen (18) years old and for whom he provides a foster family home as defined in KRS 600.020; [or]
(d) Being a person in a position of authority or position of special trust, as defined in KRS 532.045, he or she engages in sexual intercourse with a minor under sixteen (16) years old with whom he or she comes into contact as a result of that position[.]

. Under Vermont law:
A person who engages in a sexual act with another person and ...
(3) The other person is under the age of 16, except where the persons are married to each other and the sexual act is consensual; shall be imprisoned for not more than 20 years, or fined not more than $10,000.00, or both.
Vt. Stat. Ann. tit. 13, § 3252(3) (1986) (since amended). The term “sexual act” was fur *750 ther defined to mean "conduct ... consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any intrusion, however slight, by any part of a person’s body or any object into the genital or anal opening of another.” Vt. Stat Ann. tit. 13, § 3251(1).

. Phillipson, 943 So.2d at 672 (¶ 12).