[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2007
THOMAS K. KAHN
CLERK

No. 05-14242
Non-Argument Calendar
_____

D. C. Docket No. 04-00212-CR--ORL-31-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee-
Cross-Appellant,

versus

CARLOS VAZQUEZ,

Defendant-Appellant-
Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(July 18, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

On cross-appeal, the government challenges Carlos Vazquez's 110-month

sentence, imposed after he pled guilty to conspiring to possess with the intent to

distribute 500 grams or more of a mixture containing cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846.[1] The 110-month sentence was a downward variance from the advisory Guidelines range of 210 to 262 months' imprisonment. The government argues that the sentence imposed by the district court is unreasonable because the court erroneously considered an impermissible factor -- the court's own disagreement with the career-offender provision of § 4B1.1 of the Sentencing Guidelines -- thus, rendering Vazquez's sentence procedurally unreasonable. The government also argues that a sentence of 110 months' imprisonment is substantively unreasonable. After thorough review of the record and careful consideration of the parties' briefs, we vacate Vazquez's sentence and remand for further proceedings, consistent with this opinion.

The relevant facts are these. On December 15, 2004, Vazquez and co-defendant Adalberto Rosa were indicted on one count of conspiracy to possess

---

[1] Before the government's filing of the cross-appeal, Vazquez filed a notice of appeal to challenge his conviction. Vazquez's attorney, Ernest L.Chang, then filed a motion to withdraw from representation on appeal, pursuant to Anders v. California, 386 U.S. 738 (1967). With regard to Vazquez's conviction, an independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit regarding Vazquez's conviction, counsel's motion to withdraw is GRANTED, and Vazquez's conviction is AFFIRMED.

As to the government's cross-appeal of Vazquez's sentence, Mr. Chang has filed a brief in opposition to the government's arguments. Accordingly, we DENY AS MOOT the motion to withdraw as to Vazquez's sentence.

with the intent to distribute 500 grams or more of a mixture containing cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846. Vazquez pled guilty, pursuant to a written plea agreement, which included a statement providing the factual basis for Vazquez's guilty plea. According to that statement, a confidential informant ("CI") contacted agents with the Drug Enforcement Administration ("DEA") to alert them that Vazquez and co-defendant Rosa were traveling from Massachusetts to Orlando, Florida, with the intent of purchasing multi-kilogram quantities of cocaine powder. Once they arrived in Orlando, Vazquez called the CI to complete the transaction. The CI came to the hotel where Vazquez and Rosa were staying, at which point Vazquez presented the CI with the money. Vazquez then followed the CI to his car, where the CI produced a duffel bag containing cocaine. As Vazquez walked with the duffel bag back towards the his hotel room, he was intercepted and arrested by DEA agents. Rosa also was arrested. Vazquez subsequently waived his right to remain silent and admitted "that he had picked up money earlier in the day from various Western Union money locations to buy three kilograms of cocaine and was planning on transporting the cocaine back to Massachusetts." After two change-of-plea colloquies, at which Vazquez agreed with the foregoing factual description of his offense, the district court accepted his plea and he proceeded to sentencing.

3

According to the Presentence Investigation Report ("PSI"), Vazquez had provided $18,000 in U.S. currency to the CI, in exchange for 3 kilograms of cocaine, which he intended to transport back to Massachusetts. The PSI recommended that because the offense involved between 2 kilograms and 3.5 kilograms of cocaine, Vazquez's base offense level was a 28, pursuant to U.S.S.G. § 2D1.1(c)(6). The PSI further recommended that Vazquez qualified as a career offender, under § 4B1.1 of the Guidelines, because he previously had pled guilty to a controlled substance offense and had at least two prior felony convictions for either a crime of violence or a controlled substance offense. In support of its recommendation, the PSI noted that Vazquez was convicted on two separate occasions of possession with intent to distribute a controlled substance (heroin) in April 1991, and was convicted of the rape of a child, a crime of violence, in January 1996. The PSI recommended that as a career offender facing a statutory maximum penalty of 25 or more years, Vazquez's offense level should be adjusted from 28 to 34, pursuant to § 4B1.1. The PSI also recommended a 2-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), resulting in a total offense level of 32.

Based on 12 criminal history points, Vazquez's criminal history category was V. Due to Vazquez's career-offender status, his criminal history category was

adjusted to VI, pursuant to § 4B1.1.  With an adjusted offense level of 32 and a criminal history category VI, Vazquez faced an advisory Guidelines range of 210 and 262 months' imprisonment.

At sentencing, Vazquez did not object to the PSI's factual findings or the calculation of his Guidelines range, prior to application of § 4B1.1.  Vazquez did challenge the application of the Guidelines' career-offender provision, arguing that the two qualifying drug convictions occurred approximately 15 years prior to the instant offense, and that the qualifying crime of violence (rape of a child) occurred 10 years prior to the instant offense.  Vazquez stated that he had served two years for sexual battery, stemming from a "consensual-type offense," and had not committed a crime in the past eight years, since he was released.  Vazquez argued that the remoteness of his past crimes and his willingness to accept responsibility warranted imposition of a sentence closer to the 37-month term of imprisonment that co-defendant Rosa received. Vazquez acknowledged that "in terms of . . . community deeds and so on, [he] does not have that sort of mitigation," but asked that the court consider that he had a close family that had traveled from Massachusetts to support him.

The government requested that the court sentence Vazquez to a term of imprisonment within the Guideline range of 210 to 262 months' imprisonment, as

scored by the PSI after application of § 4B1.1. As for Vazquez's challenge to the PSI's application of the career-offender provision, the government responded to Vazquez's request for mitigation by stating that Vazquez had committed an act of sexual battery when he was 28 years old and the victim was only 14. The government argued that the sentence issued to Vazquez should "not be close" to the term given to Rosa because Rosa had a lesser criminal history and was issued a downward departure for his substantial assistance, to which Vazquez was not entitled.

After hearing the parties' arguments, the district court stated that "we've established a guideline range of 210 to 262 months; but while the guidelines, of course, are important and entitled to deference . . . I have a statutory obligation to consider the factors in [18 U.S.C. § 3553(a)], in determining a reasonable sentence in the context of guideline scoring." The district court stated that the career-offender provision found in § 4B1.1 created "a quantum leap in the guideline calculation," in which the Sentencing Commission "attempt[ed] to come up with a definition that applie[d] to all people in all circumstances, without regard to the actual offenses or the nature of the offense or the timing of the offense." The court explained that it felt "the guidelines simply cannot operate realistically on the human level" and take the proceedings "astray in situations where you have these

6

quantum-type leaps." The court then stated its had considered the nature and circumstances of the offense and noted the "fairly significant amount of drugs involved," but also indicated that this case was "not like an ongoing conspiracy in which the defendant is charged with multiple transactions of trafficking. It's a one-incident offense."

As for Vazquez's criminal history, the district court stated that Vazquez was 23 when he committed two drug felonies in 1991, which it noted were sentenced together concurrently. The court opined that the career-offender provision failed to take into account that the two convictions "w[ere] a drug offense or offenses, if you want to separate them, that occurred almost 15 years ago." The court also found that "the other offense that r[an] his score up and qualifies him under [the career offender provision] [wa]s the statutory rape charge; and, while reprehensible, it also was some time ago and was not a crime of violence, unless that's the way you want to define it. It was consensual albeit illegal."

The district court determined that, absent the career-offender enhancement, Vazquez would be subject to a Guidelines imprisonment range of 110 to 137 months. Questioning the value of criminal sentences as deterrence to the illicit drug trade, the court explained that it felt a mandatory minimum sentence of five years would "be adequate deterrence" and a sentence "in the hundred-plus range"

7

was "way in excess of what is necessary to deter this type of criminal conduct." The court then stated that, after considering the § 3553(a) sentencing factors, the arguments by the parties, and the Guidelines range, a 110-month sentence was appropriate, as it was "at the low end of what would be the non-enhanced guideline, just in terms of reference as to how the Court arrived at that, that sentence as being, in the Court's view, reasonable." The court explained that after considering the advisory Guidelines and the sentencing factors, it found that its sentence was reasonable, "not greater than necessary to comply with the statutory purposes," and in excess of the mandatory minimum. This appeal followed.

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error, and then review the defendant's ultimate sentence for reasonableness. United States v. Williams, 456 F.3d 1353, 1360 (11th Cir. 2006), cert. petition dismissed, --- S. Ct. ----, 2007 WL 1839575 (Jun. 28, 2007) ("Aaron Williams"). Although the Sentencing Guidelines are advisory, the district court is required to correctly calculate the sentencing range and take that range into account when imposing a sentence. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005). Once the court correctly calculates the advisory sentencing range, "it may impose a more severe or more

8

lenient sentence as long as it is reasonable." United States v. Pope, 461 F.3d 1331, 1336-37 (11th Cir. 2006).

The Sentencing Guidelines contain a career-offender provision, in accordance with Congressional dictates, to avoid unwarranted sentencing disparities amongst recidivist offenders who commit crimes of violence or drug offenses. See U.S.S.G. § 4B1.1 (comment. background (2004)) (citing 28 U.S.C. § 994(h)). The provision applies to a defendant who is at least eighteen years of age, with at least two prior felony convictions of either a crime of violence or a controlled substance offense, and has committed, as the instant offense, a felony that is a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1(a). The provision enhances the offense level of the instant offense, in accordance with a table contained in the section, and the criminal history category to a category VI. See U.S.S.G. § 4B1.1(b).

There is no question, and the parties do not argue otherwise, that the district court correctly calculated the Sentencing Guideline range of 210 to 262 months' imprisonment, after application of § 4B1.1's enhancement provision. The PSI stated that Vazquez was convicted of two felony drug offenses in 1991 and, in 1996, he was convicted of the rape of a child, a felonious crime of violence. Because Vazquez faced a statutory maximum of 40 years imprisonment on his

9

current drug offense, the court properly scored his offense level at 34, which was reduced to a 32 after factoring in a 2-level reduction for his acceptance of responsibility, and classified his criminal history as a category VI. The court then correctly announced that it "established a guideline range of 210 to 262 months." The remainder of the sentencing hearing was devoted to ascertaining a reasonable sentence and it is that which we now review.

Regardless of whether the court imposed a sentence within the correctly calculated sentencing range, we next consider whether the sentence is reasonable. Aaron Williams, 456 F.3d at 1360. The party challenging the sentence has the burden of proving the sentence unreasonable. Id. at 1361. A sentence can be deemed unreasonable because of the procedure used to derive the sentence (procedural unreasonableness) or because the length of the sentence is unreasonable (substantive unreasonableness). Id. at 1361-63. A sentence is reasonable if it achieves the purposes of sentencing as stated in 18 U.S.C. § 3553(a). Id. That provision requires that the district court "shall impose a sentence sufficient, but not greater than necessary" "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A-C). The court also

may consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available," the Sentencing Guideline range, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(3), (a)(4), (a)(6).

"The reasons given by the district court for its selection of a sentence are important to assessing reasonableness." Aaron Williams, 456 F.3d at 1361. If the party challenging the sentence as unreasonable demonstrates that the district court's imposition of sentence "was substantially affected by its consideration of impermissible factors," we will vacate the sentence and remand, unless the party defending the sentence can establish that the error is harmless. Id. at 1361-62. Whether a factor is impermissible is a matter of law that is reviewed de novo. Id. at 1361. We will uphold a sentence as procedurally reasonable where we are convinced that the district court did not impose the sentence "based solely on its disagreement with the Guidelines," which is one "impermissible factor" we have recognized. United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006), ("Marcus Williams").

In the instant case, the district court began its § 3553(a) analysis with a discussion of how the career-offender enhancement creates a "quantum leap in the

11

guideline calculation" that does not accurately apply to "all people in all circumstances." Accordingly, the court explained that the provision "cannot operate realistically on a human level" and leads the court "astray" at sentencing. These views permeate the court's subsequent discussion of the § 3553(a) sentencing factors. The district court explained that the career-offender enhancement did not adequately consider Vazquez's criminal history, then discredited the predicate offenses based on their remoteness and their characteristics. With regard to the two drug felonies, the court stated that they could be considered as one offense because they were sentenced concurrently. The court cited no authority for its treatment of the two prior drug felony convictions as one. The court also reasoned that although the statutory rape offense was "reprehensible," it "was not a crime of violence, unless that's how you want to define it." This reasoning was in direct conflict with our precedent on the issue -- we recently defined statutory rape, even if "consensual," as a crime of violence that qualifies towards the career-offender enhancement. United States v. Ivory, 475 F.3d 1232, 1238 (11th Cir. 2007).

Based on its own personal disagreement with the way that the career-offender provisions affected the instant case, and its decision to treat the two prior drug felony convictions as one and the statutory rape conviction as not a crime of

12

violence, the district court then proceeded to determine what the sentencing range would be if the career-offender provision did not apply. The court arrived at a sentence of 110 months' imprisonment, which was "at the low end of what would be the non-enhanced guideline, just in terms of reference as to how the [c]ourt arrived at that . . . sentence."

The court's disagreement with the effect of the career-offender provision in this case imbued the entire sentencing hearing, and we readily conclude that the court's disagreement with the Guidelines, an impermissible factor, "substantially affected" its sentencing calculus. Aaron Williams, 456 F.3d at 1361-62. In Aaron Williams, we vacated and remanded a below-Guidelines sentence that was based on similar disagreement with the effect of the career-offender provision of § 4B1.1. In that case, the district court said that the career-offender enhancement "is a totally inappropriate way to consider the individual nature of an offense or a defendant's individual background" and said it was not going to sentence Williams as a career offender. In its sentencing memorandum, the district court again explained what it considered to be the "arbitrary compounding" effect of the career-offender enhancement. Id. at 1369.

13

Section 4B1.1 embodies Congressional policy, reflected in 28 U.S.C. § 994(h),[2] "that repeat drug offenders receive sentences 'at or near' the enhanced statutory maximums set out in [28 U.S.C.] § 841(b)." Id. This Congressional goal -- to target specific recidivists, particularly repeat drug offenders and violent criminals -- clearly is implicated here, as there is little question that Vazquez is a recidivist, within the meaning of 28 U.S.C. § 994(h), and therefore § 4B1.1 applies to him. On this record, the government has met its burden to prove that the district court's imposition of sentence was "substantially affected" by an impermissible factor, the district court's disagreement with the Guidelines.

---

[2]In § 944(h), Congress directed the Sentencing Commission to:

assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and-

(1) has been convicted of a felony that is-

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841) . . . ; and

(2) has previously been convicted of two or more prior felonies, each of which is-

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841). . . .

28 U.S.C. § 994(h).

Moreover, Vazquez has not shown that the district court's erroneous consideration of its disagreement with the career-offender provision was harmless. The court did not otherwise reasonably justify its sentence, which varied downwards from the sentencing range by a period of 100 months and was based, in part, on other impermissible factors. The other factors that the court considered were the remoteness of Vazquez's prior felonies, the court's belief that Vazquez's two prior drug convictions should count as only one, the court's belief that Vazquez's stautory rape conviction was not a crime of violence, and that Vazquez was engaged in a drug conspiracy that involved a single objective rather than an ongoing conspiracy. Vazquez even admitted that he had not participated in any "community deeds" that warranted mitigation. Although the court expressed its belief that the statutory mandatory minimum would sufficiently deter such conduct, and that a sentence "in the hundred-plus range" was "in excess of what [wa]s necessary to deter this type of criminal conduct," it was only considering a sentence in that range because it felt that a reasonable sentence in this case would be one not enhanced by the career-offender provision. The government has met its burden to show that Vazquez's sentence is procedurally unreasonable due to the district court's use of a faulty procedure to fashion Vazquez's sentence. <u>Aaron</u>

15

Williams, 456 F.3d at 1361.[3]    Accordingly, we vacate and remand for re-sentencing consistent with this opinion.

**SENTENCE VACATED AND REMANDED.**

---

[3]Because we have found procedural unreasonableness, we need not, and do not, reach the government's alternative argument, that the sentence also was substantively unreasonable.  For purposes of the re-sentencing hearing, we observe that the district court must start with the correctly calculated advisory Guidelines range of 210 to 262 months' imprisonment.  In consideration of the § 3553(a) factors, the court may impose a higher or lower sentence, with the caveat that a sentence constituting an "extraordinary reduction" from the Guideline range should be supported by "extraordinary circumstances."  United States v. McVay, 447 F.3d 1348, 1357 (11th Cir. 2006).  A district court has discretion regarding the weight to be given any one sentencing factor, however, "this Court will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Clay, 483 F.3d 739, 746 (11th Cir. 2007).