[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15936
Non-Argument Calendar

_____

D. C. Docket No. 06-14007-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY L. BARNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 21, 2007)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Ricky Barnett appeals his 80-month sentence for the use of

interstate commerce to persuade, induce, entice, and coerce a minor to engage in sexual activity, 18 U.S.C. § 2422(b).  Barnett argues that the district erred in increasing his base offense level by two levels for unduly influencing a minor because the "minor" was actually an adult undercover law enforcement officer.  Barnett does not contest that the enhancement was authorized by our holding in *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002); rather, he argues that *Root* was wrongly decided and is due to be overturned by this Court *en banc*.

We review a district court's factual findings for clear error and its application of the guidelines to those facts *de novo*.  *United States v. Kinard*, 472 F.3d 1294, 1297 n. 3 (11th Cir. 2006).  Further, a panel of this Court is bound by the precedent of a prior panel "unless and until it is overruled by this court en banc or by the Supreme Court."  *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2002).

The guidelines provide for a base offense level of 24 for a violation of 18 U.S.C. § 2422(b), along with a two-level increase if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct."  U.S.S.G. §§ 2G1.3(a), (b)(2)(B) (2006).  To that end, the application notes define a "minor" as, *inter alia*, "an undercover law enforcement officer who represented to a

2

participant that the officer had not attained the age of 18 years." *Id.* at cmt. (n.1).[1]

Moreover, the commentary instructs that:

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior.
>
> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption, for the purposes of subsection (b)(2)(B), that such participant unduly influenced the minor to engage in prohibited sexual conduct. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

*Id.* at cmt. (n.3(B)).

In *Root*, we addressed a similar two-level enhancement that applied where "a participant otherwise unduly influenced the victim to engage in prohibited sexual conduct," and where the definition of "victim" included "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 16 years." 296 F.3d at 1232 (quoting U.S.S.G. § 2A3.2(b)(2)(B) and application notes).[2] A rebuttable presumption of undue influence also applied when the offender was "at least 10 years older than the

---

[1] We treat the guidelines commentary as authoritative. *United States v. Ivory*, 475 F.3d 1232, 1234 n.2 (11th Cir. 2007).

[2] On November 1, 2004, the Sentencing Commission amended § 2A3.2(b)(2)(B) to insert the term "minor" for "victim." *See* Appendix C, Amendment 664. The amendment also created § 2G1.3, the provision at issue here. *Id.*

victim." *Id.* at 1233. First, we held that "[a] real victim is not needed under § 2A3.2(b)(2)(B) when an undercover agent is involved, as the focus is on the offender's conduct." *Id.* at 1234. Second, we held that sentencing courts "may also employ the rebuttable presumption of undue influence . . . when there is a 10-year difference between the offender's age and the age of the child portrayed by the undercover agent." *Id.*

Upon consideration of the record and the parties' briefs, we discern no error. Here, Barnett does not challenge the district court's finding that the presumption of undue influence applied, i.e., that he was at least 10 years older than the fictional age of the undercover officer, nor does he challenge the court's finding that he failed to rebut the presumption of undue influence such that the two-level enhancement applied. These findings were correct under *Root*, and, in response to Barnett's claim that *Root* was wrongly decided and should be reversed, we are bound by that precedent "unless and until it is overruled by this court en banc or by the Supreme Court." *Brown*, 342 F.3d at 1246. Accordingly, we affirm Barnett's sentence.

**AFFIRMED.**