[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-13118
Non-Argument Calendar

_____

D. C. Docket No. 07-00124-CR-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DWAYNE OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 27, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Christopher Owens appeals his 293-month sentence following his guilty plea to possession of a firearm by a convicted felon. Prior to the instant arrest, Owens had been convicted of various crimes, including ten counts of rape in the second degree and two counts of sodomy in the second degree, each in violation of Alabama law. Owens was classified as an "armed career criminal," and his sentence was enhanced to 293 months, pursuant to the provisions of U.S.S.G. § 4B1.4. On appeal, Owens asserts his sentence was improperly calculated, because neither second-degree rape nor second-degree sodomy are crimes of violence, and are thus improper predicate crimes for enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). After review, we affirm.[1]

In *United States v. Ivory*, we concluded rape in the second degree under Alabama law was a crime of violence because it involved the use of non-consensual physical force against another. *United States v. Ivory*, 475 F.3d 1232, 1236 (11th Cir. 2007).[2] Prior Eleventh Circuit panel holdings are binding on all subsequent panels "unless and until they are overruled or undermined to the point

---

[1] We review *de novo* a district court's determination that a particular conviction is a "violent felony" within the meaning of the ACCA. *United States v. Canty*, 570 F.3d 1251, 1254-55 (11th Cir. 2009).

[2] Although *Ivory* was using the definition of crime of violence at U.S.S.G. § 4B1.2(a)(1), case law interpreting U.S.S.G. § 4B1.2(a) is applicable to interpreting the definition of "violent felony" under the ACCA. *See James v. United States*, 550 U.S. 192, 206 (2007) (noting the Sentencing Guidelines' "definition of a predicate 'crime of violence' closely tracks ACCA's definition of 'violent felony'").

of abrogation by the Supreme Court or this Court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." *Id.* (citation omitted).

As Owens concedes, in *Ivory*, we conclusively addressed – and rejected – the argument that second-degree rape under Alabama state law does not constitute a violent felony for purposes of ACCA sentence enhancements. Owens has presented no evidence that sodomy in the second degree – which also involves some element of physical force against a minor – should be an exception to the reasoning in *Ivory*. Until *Ivory* is abrogated by either the Supreme Court or this Court sitting *en banc*, it remains precedential, and the district court did not err in relying on it. We therefore affirm.

**AFFIRMED.**