[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15153
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00086-CR-FTM-99DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL GARCIA,
a.k.a. Juan Manuel Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2010)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Manuel Garcia appeals his 87-month sentence for illegal reentry into the United States following deportation for an aggravated felony, in violation of 18 U.S.C. § 1326(a) and (b)(2).  He contends that the district court erred by applying a 16-level enhancement for deportation following conviction for a crime of violence. Garcia also challenges the procedural and substantive reasonableness of his sentence.

I.

In 2003 Garcia was convicted of the felony offense of lewd or lascivious exhibition in the presence of a victim under the age of 16, in violation of Fla. Stat. 800.04(7).[1]  The district court concluded that conviction qualified as a "crime of violence" under the Sentencing Guidelines and applied a 16-level enhancement.  See U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Garcia contends that was error.  "We review de novo whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines."  United States v. Harris, 586 F.3d 1283, 1284 (11th Cir. 2009); see also United States v. Ortiz-Delgado, 451 F.3d 752, 754 (11th Cir. 2006).

---

[1]Under Florida law, a person commits the felony offense of "lewd or lacivious exhibition" when, "in the presence of a victim who is less than 16 years of age," the person: (1) intentionally masturbates; (2) intentionally exposes the genitals in a lewd or lacivious manner; or (3) intentionally commits any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity.  See Fla. Stat. § 800.04(7)(a) (2003).

The Guidelines impose a 16-level enhancement if an alien "was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "crime of violence" is defined by the Guidelines as any of the following offenses under federal, state, or local law:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Id. § 2L1.2, cmt. (n.1(B)(iii)); see also United States v. Ivory, 475 F.3d 1232, 1234 n.2 (11th Cir. 2007) (noting that "[w]e treat the commentary in the sentencing guidelines as authoritative").

Garcia contends that his Florida felony conviction for lewd or lascivious exhibition in the presence of a victim under the age of 16 does not qualify as a "crime of violence" because it is a non-touching offense that does not involve physical force. He asserts that in order for an offense to be a "crime of violence" it must have as element the use, attempted use, or threatened use of physical force against another person. Garcia's argument is without merit. The definition of

3

"crime of violence" is disjunctive. See United States v. Palomino Garcia, No. 09-10534, 2010 WL 2011038, at *6 (11th Cir. May 21, 2010). "[A] felony qualifies as a crime of violence under § 2L1.2 if either (1) the defendant was convicted of one of the enumerated offenses; or (2) the use, attempted use, or threatened use of physical force was an element of the offense." Id. Thus, if Garcia's conviction fits within an enumerated offense it qualifies as a "crime of violence," whether or not the use of physical force is an element of the crime. See id. at *6–7; see also id. at *11 (holding that the label a state attaches to an offense is not conclusive of whether a prior conviction qualifies as an enumerated offense under § 2L1.2).

The district court concluded that Garcia's conviction under Fla. Stat. § 800.04(7) constituted "sexual abuse of a minor," which is one of the enumerated offenses. See U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). Garcia argues that in order for an offense to qualify as "sexual abuse of a minor" the offense must involve physical contact with the victim. Because Fla. Stat § 800.04(7) does not require physical contact with the victim, Garcia asserts that a violation of that statute is not "sexual abuse of a minor." In United States v. Padilla-Reyes, 247 F.3d 1158 (11th Cir. 2001), however, we held that a violation of the 1987 version of Fla. Stat. § 800.04 was "sexual abuse of a minor" for purposes of § 2L1.2 even though the statute encompassed acts involving no victim contact. See id. at 1162,

4

1164; see also Fla. Stat. § 800.04(1987) (making it unlawful for "[a]ny person [to] . . . [k]nowingly commit[] any lewd or lascivious act in the presence of any child under the age of 16 years").  In light of Padilla-Reyes, the district court did not err in concluding that Garcia's conviction constituted "sexual abuse of a minor" and therefore qualified as a "crime of violence" under § 2L1.2(b)(1)(A)(ii).

## II.

Garcia also challenges the reasonableness of his sentence.  "We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).  If we find the sentence to be procedurally sound, the second step is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances, "including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51, 128 S. Ct. at 597.  If the district court's

5

sentence is within the guidelines range, we expect that the sentence is reasonable. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) ("After Booker, our ordinary expectation [of reasonableness] still has to be measured against the record, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)."); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting Talley, 431 F.3d at 788)).

As for procedural error, Garcia contends that the district court improperly calculated his Guidelines' range by applying the § 2L1.2(b)(1)(A)(ii) enhancement. He also argues that the district court failed to adequately consider the § 3553(a) factors. Both arguments lack merit. As we have already explained, the district court's application of the § 2L1.2(b)(1)(A)(ii) enhancement was proper. The district court also gave adequate consideration to the § 3553(a) factors. Before imposing its sentence, the district court discussed several of them on the record and expressly acknowledged that it had considered them. The district court stated: "The Court . . . has considered all the [§ 3553(a)] factors."

That acknowledgment "alone is sufficient in post-<u>Booker</u> sentences." <u>United States v. Scott</u>, 426 F.3d 1324, 1330 (11th Cir. 2005).

Garcia also challenges the substantive reasonableness of his 87-month sentence, which is within his Guidelines range of 70 to 87 months imprisonment. Garcia contends that a lesser sentence would have adequately deterred him from engaging in future criminal conduct because he did not serve much jail time for any of his earlier convictions. Garcia also argues that a lesser sentence was appropriate because he was born to a poor family in Mexico and suffers from alcoholism. Garcia has failed to carry his burden of showing that his sentence was substantively unreasonable. The fact that he received more lenient sentences in the past does not make his current sentence unreasonable. Given Garcia's significant criminal history, we cannot say that his within Guidelines sentence is unreasonable.

**AFFIRMED.**