[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14451
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00124-WKW-WC-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER DWAYNE OWENS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 27, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Christopher Owens pleaded guilty to being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 120 months'

imprisonment. On appeal, Owens argues that his sentence was procedurally and substantively unreasonable because, although it runs concurrently to three sentences he received for state convictions, it is consecutive to the other two. After careful review, we affirm.

According to the presentence investigation report (PSI) introduced at the sentencing hearing, in 2007, Owens held captive at gunpoint his ex-girlfriend, her mother, and her three children and told them that if they did not go with him to Florida, he would kill them. Based on this conduct, Owens was convicted in Alabama state court in August 2010 of burglary, possession of a firearm with an altered serial number, and assault. He received a life sentence on each count. In December 2010, Owens received two further life sentences in state court for two counts of assaulting corrections officers.

In 2008, Owens pleaded guilty in federal court to being a felon in possession of a firearm for the 2007 incident on which his three August 2010 state convictions were based. The district court sentenced Owens to 120 months' imprisonment.[1] Owens argued that the federal sentence should run concurrently to all of his state

---

[1] Owens was originally sentenced in federal court to 293 months' imprisonment as an armed career criminal, and this court affirmed his sentence. *See United States v. Owens*, 363 F. App'x 696 (11th Cir. 2010) (unpublished). The Supreme Court granted certiorari and vacated for reconsideration of Owens's status as an armed career criminal in light of *Johnson v. United States*, 559 U.S. 133 (2010). *See Owens v. United States*, 131 S. Ct. 638 (2010). We vacated Owens's sentence and remanded, concluding the district court erred in sentencing Owens as an armed career criminal. *See United States v. Owens*, 672 F.3d 966, 972 (11th Cir. 2012).

sentences, but the district court concluded his sentence should be consecutive to his two sentences for assaulting corrections officers. This is Owens's appeal.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

Owens argues that the district court's decision that his federal sentence be consecutive to his two state sentences for assaulting corrections officers was procedurally unreasonable. Section 5G1.3 of the Sentencing Guidelines governs the imposition of a federal sentence on a defendant subject to an undischarged state term of imprisonment. Under § 5G1.3(c), the district court had discretion to impose the federal sentence either consecutively or concurrently to Owens's two state sentences for assaulting corrections officers because they concerned different offense conduct. *See United States v. Bradford*, 277 F.3d 1311, 1317 (11th Cir. 2002). When applying § 5G1.3(c), the district court should consider: (1) the factors in 18 U.S.C. § 3553(a); (2) the type and length of the prior undischarged sentence; (3) the time served on the undischarged sentence and the time likely to be served before release; (4) whether the undischarged sentence was imposed in state court; and (5) any other relevant circumstances. U.S.S.G. § 5G1.3, cmt.

3

(n.3(A)).  The § 3553(a) factors include, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to reflect the seriousness of the offense.  18 U.S.C. § 3553(a).

The district court's decision that Owens's federal sentence be consecutive to his two state sentences for assaulting corrections officers was procedurally reasonable.  In making its § 5G1.3(c) determination, the district court pointed to the seriousness of his federal offense, among other factors.  Owens argues that, in considering that factor, the district court improperly considered his three state convictions because they were based on the same underlying conduct.  That resulted in impermissible double-counting, he contends, because the court already accounted for those three state convictions under § 5G1.3(b) when it decided his sentence should run concurrently with them.[2]  Although the federal offense and the three state convictions involved the same underlying conduct, the district court did not double-count the state offenses.  Rather, the district court simply considered the "nature and circumstances" of the federal offense for which Owens was being sentenced as it was supposed to do under § 3553(a)(1).

Owens further argues that the district court's decision that his federal sentence be consecutive to his two state sentences for assaulting corrections

---

[2] Under U.S.S.G. § 5G1.3(b), the district court must order a sentence to be served concurrently with a term of imprisonment that "resulted from another offense that is relevant conduct to the instant offense of conviction . . . ."  The parties agree that the district court correctly ordered the federal sentence to run concurrently with the three life sentences imposed in state court based on the same conduct.

4

officers resulted in a sentence that was substantively unreasonable.  We examine whether a sentence is substantively reasonable in light of the totality of the circumstances.  *Turner*, 626 F.3d at 573.  The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the § 3553(a) factors. 18 U.S.C. § 3553(a).  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Owens has not met his burden to demonstrate that his sentence was substantively unreasonable.  Owens contends that his federal sentence should have run concurrently with all of his state sentences in light of his mild mental impairments, his rehabilitation efforts while incarcerated, the length of his state sentences, and his age when he would be eligible for release.  But the district court, having considered Owens's arguments and evidence, found that a sentence consecutive to the two state sentences for assaulting corrections officers was appropriate because:  (1) it was uncertain how long Owens would be incarcerated on his state convictions because he would be parole-eligible in 8 years and he had previously served only 5 years of a 15-year state sentence for previous crimes; (2) Owens had a serious criminal history, which included general instances of violence; and (3) the offense conduct underlying this conviction was serious, involving Owens holding his ex-girlfriend and her mother and three children

captive with a pistol and threatening them.  Owens has failed to show that the district court abused its discretion.

Because Owens has not shown that his sentence was procedurally or substantively unreasonable, we affirm.

**AFFIRMED.**